**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**NICHOLAS KNUDSEN**                                                                              **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO.:** 3:23-cv-237-KHJ-MTP

**RANKIN COUNTY SCHOOL DISTRICT**                                              **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Nicholas Knudsen, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights pursuant to Title VII of the Civil Rights Act of 1964 for race and sex discrimination, the Equal Pay Act of 1963 for sex discrimination with regard to pay, 42 U.S.C. § 1981 for race discrimination and the 14th Amendment through 42 U.S.C. § 1983 for violation of his equal protection rights, against Defendant Rankin County School District.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.     Plaintiff, Nicholas Knudsen, is an adult male citizen resident of Harrison County, Mississippi.

2.     Defendant, Rankin County School District, can be served with process through its Superintendent, Dr. Scott Rimes, at his place of employment:  1220 Apple Park Place, Brandon, Mississippi 39042.

**JURISDICTION AND VENUE**

3.     This Court has federal question and civil rights jurisdiction for actions that arise under Title VII, 42 U.S.C. § 1981 and the Equal Pay Act.

4.     This Court has personal and subject matter jurisdiction over the Defendant

and venue is proper in this Court.

5. Plaintiff timely filed his initial Charge of Discrimination with the EEOC on December 16, 2020, which he subsequently amended on January 4, 2021, a true and correct copy of which are collectively attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on January 11, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

## STATEMENT OF FACTS

6. Plaintiff is a 32-year-old white male resident of Harrison County, Mississippi.

7. Plaintiff was hired on April 3, 2014, as a Human Resources (HR) Specialist at the Rankin County School District (RCSD).

8. On or around October 8, 2018, RCSD employed black female HR Specialist Ashley Southern, who was a co-worker of Plaintiff.

9. Beginning around February 2019, Ms. Southern began making many mistakes in her work.

10. Plaintiff attempted to correct a mistake made by Ms. Southern, but then HR Director Dr. Amanda Stocks (white female) blamed Plaintiff for the mistake and wrote him up on March 4, 2019.

11. Plaintiff verbally disputed this write up, and Dr. Stocks agreed to remove the write up from his file if his performance remained strong.

12. In late March or early April 2019, Ms. Southern made another mistake (similar to the one Plaintiff was blamed for on March 4, 2019), and this time Plaintiff caught it before it became a big problem.

13. Dr. Stocks recognized that Plaintiff had corrected the mistake made by Ms. Southern but made the admission that the administration "can't write up [Ms. Southern] because she is black, and the district is fighting several discrimination suits right now."

14. Additionally, around that same time, Ms. Southern was transferred from the position she was originally hired for as Certified HR Specialist to Classified HR Specialist.

15. Also, during October 2018, Dr. Stocks offered Plaintiff the opportunity to transfer to a more technically based role within the HR department.

16. Dr. Stocks told Plaintiff he would receive a raise if he accepted this transfer.

17. Plaintiff accepted the transfer, yet after a month he still had not received the raise.

18. When Plaintiff went to Dr. Stocks to ask about the raise, she stated, "The District cannot provide a raise for simply transferring positions."

19. Dr. Stocks then told Plaintiff to ask her again around "budget time".

20. During or around May 2019, Plaintiff approached Dr. Stocks again and asked about receiving a raise.

21. At that time, Dr. Stocks responded that the budget was already set.

22. Dr. Stocks noted that Plaintiff was working on his master's degree and stated, "You'll definitely receive a raise when you receive [the master's degree]."

23. On June 12, 2019, Plaintiff was named the Employee of the Month.

24. Plaintiff went to Dr. Stocks and again requested that the write up (from March 2019) be removed from his file.

25. Dr. Stocks then reneged on her previous statement and stated that she planned to keep the write up in his file, but she would remove it if she ever left her job with RCSD.

26. In December 2019, Plaintiff received his master's degree.

27. At that time, he asked Dr. Stocks about the status of his raise.

28. Dr. Stocks responded that "the District can't provide a raise mid fiscal year" and she again encouraged him to talk to her again at "budget time".

29. In March 2020, Plaintiff again asked Dr. Stocks about the status of his raise.

30. At that time, she stated that she would inquire about it.

31. From that point on, Plaintiff continued to ask Dr. Stocks about a raise on a monthly basis.

32. Each time, however, Dr. Stocks stated the status of his raise was "pending".

33. In June 2020, Dr. Stocks informed Plaintiff that his raise was denied.

34. By June 2020, Plaintiff had discovered that there were several RCSD female HR Specialists who had lesser education credentials and/or years of experience than he had, yet they were paid more than he was.

35. Plaintiff observed that there were female HR Specialists, some current, some in the past, who were paid higher salaries than Plaintiff, when they possessed either the same or lesser education credentials and the same or lesser years of experience.

36. At that time, Plaintiff, a white male, had a master's degree and six years of experience, and his salary was $39,806.

37. By contrast, the following examples show that Plaintiff made less than comparators of a different race and sex:

| Name | Race/Sex | Degree | Yrs of Experience | Salary |
|---|---|---|---|---|
| Kala LeGrand | W/F | Master's | 6 | $44,000 resigned 2018 |
| Ashley Southern | B/F | Master's | 6 | $42,763 resigned 2019 |
| Carla Frazier | W/F | Bachelor's | 7 | $42,180 resigned 2015 |
| Kasey Ford | W/F | Master's | 5 | $41,607 resigned 2014 |
| Chelsea McCrory | W/F | Bachelor's | 9 | $41,078 |
| Memrie Conner | W/F | Bachelor's | 7 | $39,882 transferred 2019 |

38. On or around June 17, 2020, and several times after that, Plaintiff complained to Director of HR Dr. Amanda Stocks about the disparity between what he was paid and what the female HR Specialists were paid.

39. Dr. Stocks responded that she would investigate his complaint, yet even after it was investigated, his raise was still denied.

40. On July 13, 2020, Plaintiff submitted a letter to "RCSD Administration" with the subject heading, "Workplace Discrimination Complaint".

41. Plaintiff's letter stated, "I am writing this letter as an official complaint regarding workplace discrimination. I believe I am being discriminated against based on my sex and my race with regard to my compensation. I was promised a raise on numerous occasions and have also made several requests for my compensation to be increased to match that of my female and non-caucasian coworkers (both present and past). I have provided evidence showcasing examples of other female and non-caucasian individuals within the Human Resources Department that are both currently and were previously paid higher salaries than I am for the same/lesser degree, with the same/lesser years of experience, for the same work."

42. On August 3, 2020, Defendant constructively discharged Plaintiff, because Defendant made his working environment so intolerable that no reasonable person would remain employed.

43. Despite his legally protected complaints of sex and race discrimination to Defendant, no corrective action was taken by Defendant.

44. Furthermore, Plaintiff contends he was repeatedly lied to by Dr. Stocks.

45. On August 5, 2020, in response to Plaintiff's complaint filed on July 13, 2020, Defendant presented an Investigative Report.

46. Defendant's report concluded that decisions had been made during the administrations of various superintendents and HR Directors over time and that current personnel (at that time) were not always aware of nor were they bound by the actions and practices of prior administrations.

47. Plaintiff contends that the actions of prior administrations does not justify continuously and consciously ignoring race and sex discrimination, when it is brought to the current administration's attention.

48. Defendant's report states that regarding the reprimand Plaintiff received while training Ms. Southern in March 2019, Plaintiff "felt the reprimand was unwarranted as the mistake was Ms. Southern's responsibility."

49. Plaintiff contends he agrees with this assessment.

50. Plaintiff further notes, however, that even though he was training her, Ms. Southern had been employed by that time for over four months and was continuing to make many mistakes, and it was difficult for Plaintiff to monitor everything she did to prevent mistakes from happening.

51. It further exacerbated the situation that despite her poor performance, Ms. Southern was being paid more than Plaintiff.

52. Plaintiff further contends that Ms. Southern's immediate supervisor at the time of her mistake was HR Manager Kristi Garrard, yet while Ms. Garrard was not reprimanded, Plaintiff was.

53. Plaintiff contends that if he were held responsible for Ms. Southern's mistake, then her supervisor, Ms. Garrard, should have been held responsible as well, and she was not.

54. Defendant's report also stated that Plaintiff "contended that Dr. Stocks did not want to take employment action against Ms. Southern because of Ms. Southern's race".

55. Despite Dr. Stock's allegation that she "never made a comment to Plaintiff

related in any way to Ms. Southern's race", Plaintiff contends this is false and he stands by his statement that Dr. Stocks told him, the administration "can't write up [Ms. Southern] because she is black, and the district is fighting several discrimination suits right now."

56. Ms. Maron also argued that a variety of factors must be considered when determining whether a comparator is similarly situated, including job responsibilities, experience, and qualifications.

57. Defendant's report concludes that "In each instance, the employees Plaintiff compares himself to had either more years of experience or more years of HR leadership experience...Then, when Plaintiff did obtain an advanced degree and Dr. Stocks recommended a raise for him in the next budgeting cycle, the economic realities of the COVID-19 pandemic halted all raises except those critical to District obligations to provide student services."

58. Plaintiff contends that "the economic realities of the COVID-19 pandemic" do not obviate an employer's obligation to avoid race and sex discrimination and to correct it when it is discovered.

59. On December 16, 2020, Plaintiff filed his initial EEOC Charge of Discrimination due to race and sex against RCSD.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

60. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 59 above as if fully incorporated herein.

61. As described in more detail above, Defendant has discriminated against Plaintiff because of his race which constitutes a violation of the Title VII of the Civil Rights Act of 1964.

62. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

63. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT II: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION

64. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 63 above as if fully incorporated herein.

65. Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of the 42 U.S.C. § 1981.

66. Plaintiff has suffered lost wages, benefits and other pecuniary losses.

67. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT III:  VIOLATION OF TITLE VII AND THE EQUAL PAY ACT – SEX DISCRIMINATION

68. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 67 above as if fully incorporated herein.

69. As described in more detail above, Defendant has discriminated against Plaintiff because of his sex based on which constitutes a violation of both Title VII of the Civil Rights Act of 1964 and the Equal Pay Act of 1963.

70. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

71. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT IV:  VIOLATION OF U.S. CONSTITUTIONAL AMENDMENT XIV THROUGH 42 U.S.C. § 1983

72. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 71 above as if fully incorporated herein.

73. As a male employee, Plaintiff had a right to be free from sex discrimination in the workplace.  Defendant's actions violated Plaintiff's right as a male to be free from sex discrimination in the workplace.

74. As described in more detail above, after Plaintiff engaged in protected activity by reporting Defendant's discriminatory actions in paying Plaintiff less his female counterparts which created a hostile work environment for Plaintiff because of his sex, Defendant unlawfully retaliated against Plaintiff by constructively discharging him.

75. The acts of the Defendant constitute a violation of the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983.

76. The Plaintiff has been harmed by this violation, and the Defendant is liable for the same.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Compensatory damages;
5. Liquidated damages;

   6. Punitive damages;
   7. Pre-judgment and post-judgment interest;
   8. A tax gross-up and all make whole relief;
   9. Attorney's fees;
   10. Costs and expenses; and
   11. Any such further relief that the Court deems appropriate.

THIS the 6th day of April 2023.

               Respectfully submitted,

               NICHOLAS KNUDSEN, PLAINTIFF

            By: /s/Louis H. Watson, Jr.
              Louis H. Watson, Jr.  (MB# 9053)
              Nick Norris (MB# 101574)
              Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com